UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IVAN MARTINEZ-GUZMAN, | ) | CASE NO. 4:06 CV0546 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN T.R. SNIEZEK, FSL ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

On March 9, 2006, pro se petitioner Ivan Martinez-Guzman filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He names his custodian, Warden T.R. Sniezek at the Federal Satellite Low in Elkton, Ohio (F.S.L. Elkton), as the respondent. Mr. Martinez-Guzman, who is currently incarcerated in F.S.L. Elkton, seeks to correct the amount of Good Credit Time (GCT) the Bureau of Prisons (BOP) has applied to his prison sentence.

*Background*

In 2003, Mr. Martinez-Guzman was indicted and charged with importing more than one kilogram of heroin into the United States. Following his conviction in the United States District Court for the Southern District of Florida, the court imposed a sentence of 87 months on

September 20, 2003.

At some point after the commencement of his sentence, Mr. Martinez-Guzman was advised by the BOP that he would be awarded 341 days of GCT in accordance with BOP policy. Because the BOP's calculation amounted to an annual credit of 47 days for each year of his sentence, petitioner challenged the BOP's intentions. He argued that the statute, 18 U.S.C. § 3624(b), entitled him to receive 54 days of GCT for each year of his prison sentence. Mr. Martinez-Guzman exercised his administrative remedies all the way to the National Inmate Appeals administrator. His request was denied based on the BOP's interpretation of §3624(b), as set forth in Program Statement 5880.28, Sentence Computation Manual CCCA. See Pet.'s Ex. E., "BP-10, Regional Director's Resp.") The Regional Director noted in his Response to Mr. Martinez-Guzman that the language of the Program Statement ("54 days of GCT may be earned for each full year served on a sentence in excess of a year,"28 C.F.R. § 523.20), mirrors the language of the statute, wherein it states:

> a prisoner may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b). The BOP interprets the statute to require that credit be applied after actual service of one year in prison.

*Analysis*

In his petition before this court, Mr. Martinez-Guzman asserts that the plain meaning of § 3624 entitles him to receive 54 days of GCT on his "term of imprisonment." He

2

believes that Congress intended this phrase to be synonymous with the "length of sentence imposed"by the court.  He challenges the BOP's interpretation of the statute to mean credit should be applied to the number of days a prisoner's actually serving his or her sentence in prison.  It is his determination that the statute is unambiguous and that, consistent with the Supreme Court's holding in Chevron U.S.A. v.  Natural Resources Defense Council, 467 U.S. 837 (1984) regarding the clear intent of Congress as expressed in a statute,  the court and the BOP "must give effect to the unambiguously expressed intent of Congress." Id. at 842-43.  Here, he maintains that because Congress clearly expressed its intent in §3624, "no deference is owed the agency."  (Pet. at 3, quoting United States v.  LaBonte, 520 U.S. 751, 762 n. 6.(1997)).

Mr.  Martinez-Guzman does concede that even if the statute is determined to be ambiguous, as the Ninth Circuit held in Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), the Supreme Court in Bilfulco v.  United States, 447 U.S. 381, 387 (1980) provided "clear authority pointing to the error of the Ninth Circuit's ways."  (Pet. at 8-9.)  He maintains that the Court made it clear that "[t]he rule of lenity must be used in construing an ambiguous penal statute."[1]  (Pet. at 9.)

## 28 U.S.C. § 2241

As a matter of law, a court, justice or judge entertaining an application for a writ of habeas corpus shall award the writ or issue an order directing the respondent to show cause

---

[1] Mr. Martinez-Guzman's argument presupposes that § 3624 is a penal statute.  As penal statutes have been defined, there is  no stated basis in law or fact to support petitioner's premise that § 3624 should be categorized as such.  See e.g. United States v. Douglas, 398 F.3d 407, 411 (6th Cir.  2005)(rule of lenity limits the expansion of criminal statutes by means of defining essential terms or elements of wrongful conduct to include "constructive" offenses or offenses not intended by Congress).

why the writ should not be granted, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Based on the facts alleged in the petition before this court, it appears that Mr. Martinez-Guzman is not entitled to the relief he seeks.

A.      *Sentence Execution*

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). This court has personal jurisdiction over the petitioner's custodian. Moreover, his challenges to the execution of his sentence are properly raised in a § 2241 petition, and he has fully exhausted his administrative remedies. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam)(federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief).

B.      *Good Conduct Time*

It is within the statutory authority of the BOP to provide credit to prisoners towards the service of their sentences based on good behavior. See 18 U.S.C. §3624(b). The statute specifically provides that for any

> prisoner who is serving a term of imprisonment of more than 1 year [,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has

>>displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(2006). As a prisoner accrues credit against his sentence every year, the actual length of time he serves in prison is reduced by the credit he receives. Under this scenario, the BOP then projects the application of credit pursuant to § 3624 based on each "adjusted" year that the prisoner would actually spend in prison, rather than applying a 'flat credit' based on the sentence imposed by the court.

Every court that has addressed the BOP's interpretation of § 3624(b), including the Sixth Circuit, has decided that the language of the statute is ambiguous and the BOP's interpretation is reasonable. See Petty v. Stine, 424 F.3d 509, 510 (6th Cir.2006)(BOP's interpretation of the statute [18 U.S.C. §3624] is reasonable); see also Yi v. Fed. Bureau of Prisons, 412 F.3d 526 (4th Cir.2005); O'Donald v. Johns, 402 F.3d 172, 173-74 (3d Cir.2005); Perez-Olivio v. Chavez, 394 F.3d 45, 47-54 (1st Cir.2005); and White v. Scibana, 390 F.3d 997, 999-1003 (7th Cir.2004), cert. denied, --- U.S. ----, 125 S.Ct. 2921(all upholding the BOP interpretation). Current case law presumes that credit is earned only for the years in which the prisoner is actually incarcerated. See Trevino-Casares v. U. S. Parole Comm'm, 992 F.2d 1068,1072 (10th Cir. 1993)( "the application of service credits is governed by §18 U.S.C. 3624(a), which indicates, uncontroversially, that such credits are applied to the sentence of confinement the prisoner is serving"); see also Mistretta v. United States, 488 U.S. 361, 367 (1989)(prisoner released at the completion of his sentence reduced only by credit earned by good behavior while in custody).

Notwithstanding Mr. Martinez-Guzman extensive analysis of Congress' intent with regard to statutory construction, and his attack on the Ninth Circuit's opinion in Pacheco-

5

Camacho, he does not cite a single holding to support his interpretation of the section 3621. In the face of such overwhelming authority in support of the BOP's interpretation, this court cannot find that the BOP has improperly denied Mr. Martinez-Guzman any GCT to which he is entitled under the statute.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 16, 2006                              *s/     James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE